IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. HILL, II,              :
                                 :
        Plaintiff                :
                                 :
    v.                           :  CIVIL NO. 3:CV-13-174
                                 :
J. E. THOMAS, WARDEN, ET AL.,    :  (Judge Conaboy)
                                 :
        Defendants               :

## MEMORANDUM
### Background

Howard L. Hill, II, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se Bivens[1]-type civil rights complaint. Pursuant to this Court's November 5, 2013 Order, an Amended Complaint (Doc. 18) was submitted.[2]

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The Order concluded that submission of an amended complaint was required because it appeared that some claims: (1) were time barred; (2) were against Defendants not subject to the Court's personal jurisdiction; (3) were improperly premised on either a Defendant's supervisory capacity or the handling of administrative appeals and grievances; and (4) failed to provide fair notice as they did not describe the specific actions taken by the Defendants or the dates those actions occurred.

1

Named as Defendants in the Amended Complaint are Regional Director J. L. Norwood and John Doe #1 of the Northeast Regional Office of the Federal Bureau of Prisons (BOP). The Plaintiff is also proceeding against the following twenty-five (25) officials at his former place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg): Wardens B. A. Bledsoe and J. E. Thomas; Associate Wardens Donald Hudson, Krista Bahre, and David Young; Executive Assistant Andrew Ciollo; Administrative Remedy Coordinator Nancy Nevil; Captains Bradley Trate and F. Entzel; Deputy Captains Sean Snider and B. Taggert; Case Manager Coordinator John Dunkleburger; Supervisory Chaplain Boyd Carney; Supervisor of Education Vince Cahill; Health Services Administrator Steven Brown; Facilities Manager Ken Neuhard; Chief Psychologist Lawrence Karpen; Safety Manager Ronald Hicks; Unit Managers John Adami and David Brewer; Doctor Kevin Pigos; Mid Level Practitioner Francis Fasciana; Psychologist Kent Cannon; and Chief Pharmacist John Doe # 2.

Plaintiff generally contends that the conditions of his previous confinement within the Special Management Unit (SMU) of USP-Lewisburg were unconstitutional and that the Defendants approved of those conditions. Hill lists the following alleged constitutional violations: (1) he was housed in an overcrowded cell with a cell mate; (2) the cell lacked an emergency response

call button; (3) he had severely limited human contact; (4) Plaintiff was housed with prisoners of different races, sexual preferences, and nationalities and individuals who were mentally ill and had different custody classifications; (5) failure to decontaminate cell after use of chemical agents against prior occupant; and (6) his cell window was blocked by a piece of metal. There are no factual details provided with respect to any of the above claims.

Plaintiff also sets forth a list of the following additional constitutional violations: (1) denial of protective custody; (2) failure to curtail inmate on inmate assaults; (3) failure to curtail staff on inmate assaults; (4) lack of surveillance cameras on the back stairway; (5) subjected to excessive force during a suicide attempt;[3] (6) lack of adequate recreation; (7) placement in recreation cages with gang or geographic group members; (8) lack of adequate cleaning supplies; (9) failure to provide sufficient cleaning equipment; (10) failure to provide pest fumigation; (11) deficient plumbing in the showers; (12) failure to remove lead paint; (13) rust, mold, and fungus in cell toilet and sink; (14) failure to

---

[3] This allegation appears to be the same claim which was the subject of a second civil rights action, Hill v. Edinger, Civil No. 3:13-2442 which filed with this Court by Plaintiff and as such will not be allowed to proceed.

3

install air conditioning; (15) excessive heat; (16) inadequate heating system; (16) excessive cold temperature; (17) inadequate food; (18) unsanitary food delivery; (19) bacteria on food trays; (20) inadequate ventilation; (21) subjected to dust and asbestos airborne particles; (22) exposure to chemical agents;(23) denial of proper medical and mental health care; (23) failure to provide confidential and proper assessments from medical and mental health staffs; and (24) untimely dispensation of medications.[4]  Once again the Plaintiff does not provide any supporting factual details regarding these allegations.  The Amended Complaint seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Presently pending is Defendants' motion to dismiss.  See Doc. 52.  The opposed motion is ripe for consideration.

### Discussion

Defendants claim entitlement to entry of dismissal on the grounds that: (1) the Amended Complaint fails to provide adequate notice of his claims; (2) Hill's nonspecific assertions fail to sufficiently allege a violation of his constitutional rights; (3) the amended complaint fails to allege personal involvement by any Defendant in any alleged constitutional

---

[4] Plaintiff indicates that he suffers from depression, paranoia, and borderline personality disorder.  See id. at ¶ 47.

4

deprivation; and (4) Defendants are entitled to qualified immunity. See Doc. 53, p. 2.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 , 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do

5

not suffice." Id.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Fair Notice**

The initial argument raised by Defendants is that the Amended Complaint fails to provide adequate notice of Plaintiff's claims.  See Doc. 53, p. 14.  They assert that "the allegations of the Amended Complaint are vague and general in nature, containing no details whatsoever regarding , dates,

6

times, places or individuals involved." Id. at p. 16.

As previously discussed by this Court's November 5, 2013 Order, a pro se litigant must comply with the Federal Rules of Civil Procedure. See Doc. 15. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

In order to comply with Rule 8, a civil rights complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that a defendant has adequate notice to frame an answer.

The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993), explained that although it is improper to apply heightened pleading standards to civil rights actions, a civil rights complaint must comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id. at 167. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction and despite the

7

prior instruction provided by this Court's November 5, 2013, Hill's Amended Complaint does not comply with Rule 8. Based upon a careful review of the Amended Complaint, this Court agrees with Defendants' observation that there are "no details whatsoever regarding dates, times, places or individuals involved." See Doc. 53, p. 16.

Once again all of the Plaintiff's claims are set forth in a vague, general fashion and they do not describe any specific actions taken by any of the named Defendants or the dates when those actions purportedly took place.[5] As such, the pleading requirements of Twombly and Iqbal have not been satisfied. Even given the liberal treatment afforded to pro se filings, Hill's mere listing of alleged violation after violation is simply insufficient especially when considering that twenty-five (25) prison officials are named as Defendants. This Court agrees with Defendants' argument that they have not been given fair notice of Plaintiff's claims and the concise grounds upon which they rest.

Furthermore, this Court also concurs that due to the vagueness of the Plaintiff's allegations, the Amended Complaint fails to set forth viable claims of excessive force, deliberate

---

[5] In this regard, it is noted that when addressing conditions of confinement claim, a factor which must be considered is the duration of the purported deprivations.

8

indifference to his medical needs, and unconstitutional conditions of confinement. For instance, Hill's sparse claim of being subjected to excessive force during a suicide attempt is wholly devoid of any factual details and as such fails to satisfy even a most liberal application of the notice pleading requirement of Rule 8(a). In opposition to the pending motion, Plaintiff has submitted declarations and affidavits from fellow SMU prisoners. However, those filings are irrelevant to the issue of whether a sufficient Amended Complaint has been filed.

It is also noted that although this Court's November 5, 2013, Order, specifically forewarned Plaintiff of the requirements of Rule 8, the need to describe the specific actions taken by Defendants and the dates when those actions allegedly occurred,[6] and offered him the opportunity to correct those deficiencies via submission of an amended complaint, Hill has filed an Amended Complaint which once again just provides a general list of alleged constitutional violations. The request for dismissal will be granted.

**Personal Involvement**

Defendants also argue that the Amended Complaint fails to sufficiently allege personal involvement by any of the Defendants in any alleged constitutional deprivation. See Doc.

---

[6] See Doc. 15, pp. 9-10.

9

53, p. 24.

Included among the named Defendants are two officials of the Northeast Regional Office of the BOP, two Wardens, three Associate Wardens, a Grievance Coordinator, and an Executive Assistant of USP-Lewisburg. It appears that Hill may be attempting to establish liability against those officials and perhaps other Defendants based upon either their supervisory positions within the BOP/USP-Lewisburg or their handling of his administrative grievances and appeals.

As previously discussed by this Court's November 5, 2013 Order, a prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). This is the personal involvement requirement. Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through

10

> allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Accordingly, Plaintiff's apparent attempts to establish liability against at least some of the Defendants based solely upon either their respective supervisory capacities or the handling of Hill's administrative appeals and grievances is insufficient.

11

**Mootness**

Federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

An inmate's claim for injunctive and declaratory relief fails to present a case or controversy once the inmate has been transferred. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

Plaintiff initiated this action when he was confined at USP-Lewisburg and his action seeks injunctive and declaratory relief with respect to the purported SMU conditions at that

12

facility. Hill is no longer confined at that prison and there is no indication that Hill will be returned to USP-Lewisburg in the foreseeable future. Therefore, the Amended Complaint to the extent that it seeks injunctive and declaratory relief based upon conditions which existed during his prior SMU confinement at USP-Lewisburg is subject to dismissal on the basis of mootness.

Despite being afforded opportunity to cure the deficiencies outlined here, Plaintiff has submitted an Amended Complaint which still fails to comply with the fair notice requirement of Rule 8 and neglects to adequately allege personal involvement by the named Defendants.[7] Accordingly, the motion to dismiss will be granted.[8] An appropriate order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 22nd, 2015

---

[7] Moreover, as acknowledged by the Plaintiff, the Amended Complaint has again included claims which Hill has already raised in other actions pending before this Court.

[8] Since it has been determined that the Amended Complaint fails to allege factually sufficient claims of constitutional violations, a discussion as to the merits of Defendants' qualified immunity argument is not warranted.

13